J-S23003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PEDRO DOMENA | : | |
| | : | |
| Appellant | : | No. 1857 EDA 2019 |

Appeal from the Judgment of Sentence Entered October 19, 2016
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0007559-2013

BEFORE:  NICHOLS, J., McCAFFERY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY NICHOLS, J.:                    **FILED JULY 01, 2020**

Appellant Pedro Domena appeals from the judgment of sentence imposed after he pled guilty to rape, involuntary deviate sexual intercourse by forcible compulsion, false imprisonment, and corruption of minors.[1] Appellant's counsel has filed a petition to withdraw and an **Anders**/**Santiago**[2] brief.  We affirm and grant counsel's petition to withdraw.

By way of background,

[o]n December 18, 2013, [the Commonwealth filed a criminal information] charging Appellant with 143 different counts ranging from rape to indecent exposure, all of which related to Appellant's abuse of Mother and her two minor daughters.  [Trial was

---

[1] 18 Pa.C.S. §§ 3121(a)(2), 3123(a)(2), 2903(a), and 6301(a)(1)(ii), respectively.

[2] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

scheduled to begin o]n May 16, 2016 . . . instead, as the jury was about to enter the courtroom [for *voir dire*], Appellant requested to enter a guilty plea.[3]  Appellant completed a written guilty plea colloquy and addendum colloquy for sexual offenders, each confirming Appellant understood his rights and was making a knowing, intelligent, and voluntary waiver of his right to a trial and entry into an open guilty plea.[fn1], [4]  [That] same day, Appellant entered an open guilty plea to [rape, IDSI, false imprisonment, and corruption of minors].  All remaining counts were *nolle prossed.*  The [trial c]ourt ordered [a] pre-parole investigation (PPI), pre-sentence investigation (PSI) report, psychosexual evaluation, and sexually violent predator (SVP) assessments and sentencing was deferred. Appellant waived the 90-day rule on the record.  On September 15, 2016, Appellant's sentencing and SVP hearings were scheduled for October 19, 2016.

> [fn1] The guilty plea was open but had negotiated terms, including a cap on Appellant's minimum sentence of fifteen (15) years' imprisonment.  At sentencing, the [trial c]ourt in its discretion imposed a sentence that ran the maximum years consecutively on each count.

Trial Ct. Suppl. Op., 12/12/19, at 1-3 (some footnotes omitted,  formatting altered).

_____

[3] On the day Appellant was scheduled for trial, Appellant was represented by Patrick McMenamin, Esq. (trial counsel), who was appointed to represent Appellant on November 10, 2015.

Prior to trial counsel's appointment, Appellant was represented by two other attorneys: Vincent Cirillo, Esq., who entered his appearance on behalf of Appellant on February 10, 2014, and Hindi Kranzel, Esq., who entered her appearance on November 6, 2015.

[4] During the colloquy, Appellant confirmed that no one "forced, threatened, or coerced" him to plead guilty and that he was pleading guilty on his own free will.  **See** Guilty Plea Hr'g at 11-12.

On October 18, 2016, the day before sentencing, the trial court docketed two *pro se* filings by Appellant.[5] First, Appellant asserted that he had "irreconcilable differences" with trial counsel and requested that the trial court appoint new counsel on his behalf. **See** *Pro Se* Mot. for Ineffective/Appointment of Counsel, 10/18/16, at 1. In support of his claim, Appellant argued that trial counsel forced him to enter a guilty plea, failed to adequately communicate with Appellant or his family, and refused to file a suppression motion or hire a private investigator. **Id.** at 1-3.

Appellant also sought to withdraw his guilty plea, asserting that he was innocent and that his plea was not knowing, voluntary, and intelligent. **See** *Pro Se* Mot. to Withdraw Guilty Plea, 10/18/16, at 2. Appellant argued that his plea was entered "under coercion and extreme mental and emotional duress because he was frightened and confused in that he is not educated or aware in the matters of applicable law, rules of criminal procedure and rules of evidence." **Id.**

At the outset of the sentencing hearing on October 19, 2016, the trial court addressed Appellant's *pro se* filings.[6] In denying Appellant's motion for

_____

[5] The trial court indicated that although the clerk of courts docketed Appellant's *pro se* filings on October 18, 2016, the trial court did not receive a copy of Appellant's motions until an hour and a half before the sentencing hearing.

[6] The trial court explained that it "had the opportunity to conference with counsel" regarding Appellant's *pro se* motions. N.T. Sentencing Hr'g, 10/19/16, at 3. Further, the trial court explained that "[w]hile the [c]ourt does not generally permit hybrid representation and will only take motions

new counsel, the trial court explained to Appellant that he was "entitled to competent counsel, not counsel of [his] choice" and noted that trial counsel was "an experienced, skilled criminal defense attorney who has represented [Appellant] well in [his] case." N.T. Sentencing Hr'g at 4.

The trial court then allowed trial counsel to supplement Appellant's motion to withdraw his guilty plea. Trial counsel indicated that "as [Appellant] sets forth in the motion, he is innocent of all charges and, therefore, he would like to withdraw the plea and proceed to trial." *Id.* In response, the Commonwealth argued that Appellant had failed to make "a plausible or colorable claim of innocence." *Id.* at 5. Specifically, the Commonwealth referred to Appellant's PPI evaluation, in which he admitted to threatening and engaging in sexual intercourse with his victims. *Id.* Thereafter, the trial court denied Appellant's motion.

The trial court then proceeded with Appellant's SVP and sentencing hearing. *Id.* at 6. Ultimately, the trial court determined that Appellant was an SVP and sentenced Appellant to an aggregate term of fifteen to fifty-seven years' imprisonment. *Id.* at 59.

On October 28, 2016, Mark Kevin Wray, Esq. (Attorney Wray) entered his appearance on Appellant's behalf. On November 1, 2016, Appellant filed an untimely post-sentence motion. Appellant subsequently filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial

_____

filed by counsel, based on the nature of these motions, the [c]ourt will address them." *Id.*

- 4 -

court issued a Rule 1925(a) opinion asserting that Appellant's claims were meritless. Appellant's appeal was ultimately dismissed by this Court after Appellant failed to file a brief.

On March 27, 2018, the trial court docketed Appellant's *pro se* request for appointed counsel. The trial court appointed Andrew Joseph Levin, Esq. (Attorney Levin) to represent Appellant. Appellant filed a Post Conviction Relief Act[7] (PCRA) petition requesting that the trial court reinstate his direct appeal rights *nunc pro tunc*. On June 3, 2019, the trial court reinstated Appellant's direct appeal rights.[8]

On June 13, 2019, Attorney Levin filed a motion to withdraw and requested that the trial court appoint counsel on Appellant's behalf. Appellant filed a timely notice of appeal on July 1, 2019. On August 26, 2019, the trial court granted Attorney Levin's motion to withdraw and appointed Bonnie-Anne Keagy, Esq. (counsel) to represent Appellant.

Appellant filed a motion with this Court requesting that we remand the matter for the filing of a new Rule 1925(b) statement. On November 4, 2019, we granted Appellant's motion and ordered the trial court to file a supplemental Rule 1925(a) opinion addressing Appellant's claims. ***See*** Order,

---

[7] 42 Pa.C.S. §§ 9541-9546.

[8] The trial court did not reinstate Appellant's right to file post-sentence motions.

11/4/19. Appellant subsequently filed a Rule 1925(b) statement,[9] and the trial court issued a supplemental Rule 1925(a) opinion asserting that Appellant's issues were meritless.

On appeal to this Court, counsel filed an **Anders**/**Santiago** brief and a separate petition to withdraw. Counsel's withdrawal petition indicates that she sent a copy of the **Anders** brief to Appellant, and also includes a copy of the letter she sent to Appellant advising him of his right to proceed *pro se* or with new, privately retained counsel. Appellant has not filed a *pro se* response or a counseled brief with new counsel.

Counsel's **Anders**/**Santiago** brief identifies the following issue:

> Is the record devoid of any issue having arguable merit and is Appellant's appeal wholly frivolous?

**Anders**/**Santiago** Brief at 4 (full capitalization omitted).[10]

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to

_____

[9] Therein, Appellant argued that (1) the trial court erred by denying Appellant's *pro se* motion to withdraw his guilty plea and by failing to conduct an on-the-record colloquy concerning Appellant's reasons for the withdrawal; and (2) the trial court erred by denying Appellant's motion for new counsel and by allowing trial counsel to represent Appellant at sentencing in light of Appellant's allegations of ineffectiveness. Appellant's Rule 1925(b) Statement, 11/20/19, at 1-2.

[10] The Commonwealth did not file a brief.

withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. ***See Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Additionally, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in ***Santiago***, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Only after determining that counsel has satisfied these technical requirements, may this Court "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted); ***accord Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, counsel has complied with the procedures for seeking withdrawal by filing a petition to withdraw, sending Appellant a letter explaining his

appellate rights, and supplying Appellant with a copy of the ***Anders***/***Santiago*** brief. ***See Goodwin***, 928 A.2d at 290. Moreover, counsel's ***Anders***/***Santiago*** brief complies with the requirements of ***Santiago***. Counsel includes a summary of the relevant factual and procedural history, refers to the portions of the record that could arguably support Appellant's claims, and sets forth the conclusion that the appeal is frivolous. Accordingly, we conclude that counsel has met the technical requirements of ***Anders*** and ***Santiago***, and we will proceed to address the issues raised in the ***Anders***/***Santiago*** brief.

<u>Pre-Sentence Motion to Withdraw Guilty Plea</u>

Counsel first identifies Appellant's claim that the trial court abused its discretion by denying Appellant's pre-sentence motion to withdraw his guilty plea. ***Anders***/***Santiago*** Brief at 19. Counsel explains that the trial court properly rejected Appellant's motion to withdraw his plea, as Appellant made "no plausible demonstration of innocence." ***Id.*** at 26. Counsel notes that although Appellant claimed that he was innocent, he never made "any claim as to what facts [from the plea colloquy] were not true. Rather, his *pro se* motion states that he was 'frightened and confused' at the time of his plea." ***Id.*** at 25. Further, counsel states that although Appellant asserted that he was coerced and threatened into pleading guilty, the trial court determined that Appellant's claims were not credible. ***Id.*** at 25-26.

We review a trial court's ruling on a pre-sentence motion to withdraw a guilty plea for an abuse of discretion. ***Commonwealth v. Elia***, 83 A.3d 254, 261 (Pa. Super. 2013). Our Supreme Court has held that "[t]he proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." ***Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1292 (Pa. 2015); ***see also*** Pa.R.Crim.P. 591(A) (stating that "[a]t any time before the imposition of sentence, the court may, in its discretion, permit . . . the withdrawal of a plea").

"[A] defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." ***Carrasquillo***, 115 A.3d at 1292 (citation omitted); ***see also Commonwealth v. Baez***, 169 A.3d 35, 39-40 (Pa. Super. 2017) (finding the defendant's claim of innocence implausible where he "offered a bald claim that he was innocent that was unaccompanied by assertions that he had defenses to the charges").

Further, Pennsylvania courts have "issued clear holdings that the denial of such a motion is proper where the evidence before the court belies the reason offered." ***Commonwealth v. Tennison***, 969 A.2d 572, 578 (Pa. Super. 2009) (citation omitted); ***see also Commonwealth v. Culsoir***, 209 A.3d 433, 438-39 (Pa. Super. 2019) (finding no "fair and just reason" for the

trial court to grant the defendant's pre-sentence motion to withdraw his guilty plea where the defendant "baldly recant[ed] his representations made under oath to the court"); *see also Baez*, 169 A.3d at 41 (finding no abuse of discretion by the trial court because the guilty plea colloquy refuted the defendant's position).

Here, the trial court addressed Appellant's claims as follows:

Appellant failed to make a colorable demonstration that [his] claim of innocence was at least plausible to demonstrate a fair and just reason to withdraw his plea before sentencing. The plea [withdrawal] would not promote justice and fairness given that (A) it was received by the [trial c]ourt only one day before sentencing, (B) the Commonwealth had already prepared its case and was ready for trial on the date he decided to enter into the open guilty plea, and (C) Appellant had numerous months before sentencing to withdraw his plea. Appellant filed his *pro se* motions just one day before sentencing, and the trial court's chambers only received the filings approximately an hour and a half prior to the commencement of the SVP and sentencing hearings. The timing of Appellant's *pro se* motions appears to this [c]ourt as a mere effort to delay or disrupt the [c]ourt from proceeding with sentencing.

Trial Ct. Suppl. Op. at 11-12.

Additionally, one of the issues raised in the *pro se* motion to withdraw the guilty plea was that . . . the plea was made under coercion and extreme mental and emotional distress because [Appellant] was frightened and confused, and that he is not educated or aware in matters of applicable law.

That claim is not credible. On the day the guilty plea was entered, this [c]ourt was ready to proceed to a jury trial. The jury was lined up outside the room. We were ready to start picking the jury. We put the jury in another courtroom and went through an extensive colloquy. And the [c]ourt has very specific recollections not only of the extensive colloquy, but [Appellant's] demeanor at the time, which was one of repeated smiles and almost jolliness, to the point that the [c]ourt found it disturbing.

- 10 -

> This was not a situation where he in any way looked fearful or coerced. And there were numerous questions and the [c]ourt made it very clear that we were ready to proceed to trial, the jury was here, and that he had no obligation -- there was no way he was being forced to plead guilty, and everyone was ready to proceed to trial.
>
> This was his own choice. It was made knowingly, voluntarily, and intelligently. It was accepted on that day as a result of the colloquy that was conducted, both written and oral. And the motion to withdraw the guilty plea is denied.

N.T. Sentencing Hr'g at 6-7.

Based on our review of the record, we discern no abuse of discretion by the trial court in denying Appellant's *pro se* motion to withdraw his plea. **See Elia**, 83 A.3d at 261. As noted by the trial court, granting Appellant's motion to withdraw the plea "would not promote justice and fairness." **See** Trial Ct. Supp. Op. at 11. Appellant's bald assertion of innocence, without more, did not establish a fair and just reason for him to withdraw his plea. **See Carrasquillo**, 115 A.3d at 1292; **see also Baez**, 169 A.3d at 39. Further, the record supports the trial court's credibility finding that Appellant was not forced or coerced into pleading guilty. **See Tennison**, 969 A.2d at 578. Accordingly, Appellant is not entitled to relief on this issue.

<u>Request for New Appointed Counsel</u>

Counsel next identifies Appellant's claim that the trial court erred by denying his *pro se* motion to appoint new counsel. **Anders/Santiago** Brief at 32. Counsel refers to Appellant's argument that "the trial court should not have permitted [trial] counsel to continue with his representation at the SVP/sentencing hearing." **Id.** at 32. Counsel clarifies that Appellant's

assertion is "not that [trial counsel] was actually ineffective" but that "the trial court erred by not replacing an attorney whose [effectiveness] had been challenged by Appellant." *Id.* at 33. Counsel also notes that Appellant believes "an error took place" when the trial court failed to conduct "on-record proceedings regarding Appellant's claims." *Id.* at 34. Nonetheless, counsel asserts that Appellant's argument regarding irreconcilable differences with trial counsel are belied by the record. *Id.*

"A motion for change of counsel by a defendant for whom counsel has been appointed shall not be granted except for substantial reasons." Pa.R.Crim.P. 122(C). "To satisfy this standard, a defendant must demonstrate that he has an irreconcilable difference with counsel that precludes counsel from representing him. The decision of whether to appoint new counsel lies within the sound discretion of the trial court." *Commonwealth v. Spotz*, 756 A.2d 1139, 1150 (Pa. 2000) (citations omitted).

We have held that a strained relationship with counsel, a difference of opinion in trial strategy, a lack of confidence in counsel's ability, or brevity of pretrial communications do not necessarily establish irreconcilable differences. *See Commonwealth v. Floyd*, 937 A.2d 494, 497-98, 500 (Pa. Super. 2007).

Further, our Supreme Court has stated that "[n]either the Rules of Criminal Procedure nor our case law requires a defendant be afforded a hearing every time he requests a change of counsel." *Commonwealth v.*

***Keaton***, 45 A.3d 1050, 1071 (Pa. 2012) (concluding that the trial court did not abuse its discretion in denying the defendant's motion to change appointed counsel without a hearing because the trial court found that there was no reason that the defendant's counsel was incapable of zealous representation).

Here, in his *pro se* motion, Appellant alleged that he had irreconcilable differences with trial counsel based on the following claims: (1) trial counsel only visited Appellant three times in six months and failed to communicate with Appellant's family; (2) trial counsel did not "go over [the] case with [Appellant] in full detail"; (3) trial counsel failed to file a suppression motion or hire a private investigator as requested by Appellant; (4) trial counsel failed to subpoena the previous Assistant District Attorney handling Appellant's case, who allegedly refused to prosecute the case due to insufficient evidence; (5) trial counsel "failed to negotiate a plea" and instead coerced Appellant into entering an open plea; (6) trial counsel moved for an independent psychiatric evaluation that was not beneficial to Appellant; and (7) trial counsel failed to inform Appellant that he was pleading guilty to false imprisonment. ***See*** *Pro Se* Mot. for Ineffective/Appointment of Counsel at 1-3.

In its Rule 1925(a) opinion, the trial court explained:

It is the opinion of the [trial c]ourt that Appellant's request for trial counsel's withdrawal was merely an attempt to delay and interfere with sentencing. The tardiness of the request indicates to the [trial c]ourt that it was not made in good faith. Further, it was unduly burdensome for the [trial c]ourt to appoint new counsel on the eve of sentencing. This would have been highly prejudicial to the Commonwealth, which was ready to present facts in support of its recommended sentence against Appellant. Further, it would

have been a waste of judicial resources to postpone sentencing, appoint new counsel, and reschedule the imposition of sentence.

Trial Ct. Suppl. Op. at 13-14. Further, the trial court concluded that Appellant's claim that trial counsel forced him to plead guilty was not credible. *See* N.T. Sentencing Hr'g at 6.

Based on our review of the record, we discern no abuse of discretion by the trial court. *See Spotz*, 756 A.2d at 1150. In his *pro se* motion, Appellant made several claims to support his request for new counsel. However, as noted by the trial court, Appellant's claims relating to trial counsel's representation in connection with his guilty plea were not credible. *See* N.T. Sentencing Hr'g at 6. Further, Appellant's remaining issues, even if true, did not rise to the level of irreconcilable differences warranting new counsel. *See Floyd*, 937 A.2d at 500; *see also Commonwealth v. Brown*, 18 A.3d 1147, 1158 (Pa. Super. 2011) (noting that a defendant need not consent to every tactical decision of counsel, but has authority over whether to plead guilty, waive a jury, testify, or appeal). As such, the trial court did not err by denying Appellant's request without conducting a hearing. *See Keaton*, 45 A.3d at 1071. Therefore, Appellant is not entitled to relief on this claim.

Next, counsel addresses the "four grounds for appeal that remain following the entry of a guilty plea." *Anders*/*Santiago* Brief at 39. Specifically, counsel refers to claims that "(1) the plea was not entered knowing, intelligently, or voluntarily, (2) the offense did not occur in Montgomery County and thus the court has no jurisdiction to hear the case,

(3) the sentence is illegal as it exceeds the maximum sentence allowable by law, [and] (4) that counsel was ineffective during his trial/plea stewardship." *Id.* at 39-40. We address each issue separately.

### Validity of Guilty Plea

First, counsel identifies Appellant's earlier claim that his plea was not knowing, voluntary, and intelligent. *Id.* at 41. However, counsel explains that Appellant's claim is belied by his own statements during the guilty plea colloquy. *Id.* Specifically, during the colloquy, Appellant "indicated that he was pleading guilty to the charges recited by the prosecutor on the record." *Id.* Further, Appellant "indicated that he [had] not been forced, threatened, or coerced to plead guilty" and that "he was pleading guilty [on] his own free will." *Id.* Appellant also stated that he "understood that [it] was an open plea with no agreement on the sentence except as to the cap on the minimum sentence of fifteen years." *Id.* Finally, Appellant signed a written colloquy and an addendum relating to his requirements as a sex offender. *Id.* Counsel explains that "[t]he entire record indicates that Appellant was aware of what he was doing, and that the plea was knowing, intelligent and voluntary." *Id.*

"A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." *Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa. Super. 2015) (citations and quotation marks

omitted). "To determine a defendant's actual knowledge of the implications and rights associated with a guilty plea, a court is free to consider the totality of the circumstances surrounding the plea." *Commonwealth v. Allen*, 732 A.2d 582, 588-89 (Pa. 1999).

Initially, we note that by entering a guilty plea, a defendant "waives the right to challenge on [direct] appeal all non-jurisdictional defects except the legality of the sentence and the validity of the plea." *Commonwealth v. Luketic*, 162 A.3d 1149, 1159 (Pa. Super. 2017) (citation omitted and some formatting altered). Further, when the defendant enters an open plea, he retains the right to challenge the discretionary aspects of his sentence. *Id.*

Although not constitutionally mandated, a proper plea colloquy ensures that a defendant's guilty plea is truly knowing and voluntary. *Commonwealth v. Maddox*, 300 A.2d 503, 504 (Pa. 1973). "Furthermore, nothing in [Pa.R.Crim.P. 590] precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings." *Commonwealth v. Bedell*, 954 A.2d 1209, 1212-13 (Pa. Super. 2008) (citation omitted); *see also* Pa.R.Crim.P. 590 cmt. "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted).

"[T]he law does not require that a defendant be pleased with the outcome of his decision to plead guilty. The law requires only that a defendant's decision to plead guilty be made knowingly, voluntarily, and intelligently." *Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018) (citation omitted).

> Although no absolute right to withdraw a guilty plea exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing. When a defendant seeks to withdraw a plea after sentencing, he must demonstrate prejudice on the order of manifest injustice. [A] defendant may withdraw his guilty plea after sentencing only where necessary to correct manifest injustice. Thus, post-sentence motions for withdrawal are subject to higher scrutiny since the courts strive to discourage the entry of guilty pleas as sentence-testing devices.
>
> Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Commonwealth v. Hart*, 174 A.3d 660, 664-65 (Pa. Super. 2017) (citations and quotation marks omitted).

"A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver." *Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013) (citations omitted). Likewise, "a request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that

- 17 -

must be raised by motion in the trial court in order to be reviewed on direct appeal." *Id.* at 610 (citation omitted). Further, "any issues not raised in a Rule 1925(b) statement will be deemed waived." *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) (citation omitted).

Here, although Appellant filed a *pro se* motion to withdraw his plea prior to sentencing, he did not file a timely post-sentence motion to withdraw his plea. Further, Appellant did not raise this specific issue in his Rule 1925(b) statement. Therefore, it is waived. *See id.* Nonetheless, even if not waived, we agree with the trial court's thorough analysis and conclusion that Appellant's plea was knowing, voluntary, and intelligent. *See* Trial Ct. Op., 9/13/19, at 8-15. Therefore, we affirm on that basis.

Jurisdictional Issue

Next, counsel notes that although Appellant is eligible to raise an issue relating to jurisdiction, he "agreed that the criminal incidents occurred in Montgomery County." *Anders*/*Santiago* Brief at 41. Therefore, counsel suggests that a jurisdictional claim would be meritless. *Id.*

A guilty plea "constitutes a waiver of jurisdiction over the person of the defendant." *Commonwealth. v. Little*, 314 A.2d 270, 272 (Pa. 1974). However, subject matter jurisdiction cannot be waived. *Id.* Challenges to a court's subject matter jurisdiction is a question of law and, therefore, our standard of review is *de novo*. *Commonwealth v. Jones*, 929 A.2d 205, 211 (Pa. 2007). There are two requirements for subject matter jurisdiction as it

relates to criminal defendants: 1) the competency of the court to hear the case; and 2) the provision of specific and formal notice to the defendant of the crimes charged. *Id.* at 211-12 (citation omitted).

Here, the Montgomery County Court of Common Pleas, Criminal Division, was competent to hear Appellant's case, which involved violations of the Pennsylvania Crimes Code occurring in Montgomery County. *See Commonwealth v. Kohler*, 811 A.2d 1046, 1050 (Pa. Super. 2002) (holding that a county court of common pleas has jurisdiction over offenses that take place within its borders). Further, the record reflects that Appellant received specific and formal notice of the charges when the Commonwealth filed the criminal complaint and criminal information and again when Appellant participated in the guilty plea colloquy. *See* Criminal Compl., 9/9/13; Criminal Information, 12/18/13; N.T. Guilty Plea Hr'g at 7-23. Finally, as noted by counsel, Appellant specifically acknowledged that he committed the crimes in Pottstown, Montgomery County. *See* N.T. Guilty Plea Hr'g at 12-17. Therefore, the trial court had jurisdiction over Appellant's case, and he is not entitled to relief on this claim.

<u>Sentencing Claims</u>

Next, counsel identifies Appellant's claim that his sentence was "excessive" because "the standard guideline range called for a sentence of seven to eight and one-half years and the imposed sentence greatly exceed[s] that number." *Anders*/*Santiago* Brief at 43. Counsel notes that this issue

relates to the discretionary aspects of Appellant's sentence. *Id.* However, counsel explains that Appellant waived this issue by failing to raise it in a post-sentence motion. *Id.*

Initially, we note that an allegation that a sentence is excessive is a challenge to the discretionary aspects of sentencing. *See Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa. Super. 2008).

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence . . . ; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).

*Commonwealth v. Tukhi*, 149 A.3d 881, 888 (Pa. Super. 2016) (citation omitted). "Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citation omitted).

In *Tukhi*, counsel filed an *Anders/Santiago* brief, which raised an issue relating to the discretionary aspects of the defendant's sentence. *Tukhi*, 149 A.3d at 888. The *Tukhi* Court held that the defendant waived the issue because he failed to preserve it at the sentencing hearing or in a post-sentence motion. *Id.*

Here, like the defendant in **Tukhi**, Appellant failed to preserve any sentencing claims before the trial court. Therefore, as noted by counsel, any such claims are waived. **Id.**

Counsel also identifies a claim relating to the legality of Appellant's sentence. **Anders**/**Santiago** Brief at 42. However, counsel states that "the sentences imposed on the various counts to which Appellant pled guilty were all within the statutory maximums permitted by law." **Id.** Further, counsel explains that the trial court's "minimum sentence imposed did not exceed the fifteen year minimum that had been negotiated." **Id.** Therefore, counsel suggests that Appellant's claim is meritless.

"If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." **Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa. Super. 2013) (citation omitted). Issues relating to the legality of a sentence are questions of law. **Commonwealth v. Diamond**, 945 A.2d 252, 256 (Pa. Super. 2008). Therefore, our "standard of review is *de novo* and our scope of review is plenary." **Id.** (citation omitted).

Section 1103 of the Pennsylvania Crimes Code provides, in relevant part, as follows:

> Except as provided in 42 Pa.C.S. § 9714 (relating to sentences for second and subsequent offenses), a person who has been convicted of a felony may be sentenced to imprisonment as follows:
>
> > (1) In the case of a felony of the first degree, for a term which shall be fixed by the court at not more than 20 years.

> (2) In the case of a felony of the second degree, for a term which shall be fixed by the court at not more than ten years.
>
> (3) In the case of a felony of the third degree, for a term which shall be fixed by the court at not more than seven years.

18 Pa.C.S. § 1103.

Instantly, the trial court sentenced Appellant to ten to twenty years' imprisonment for rape and two to twenty years' imprisonment for IDSI, both of which are first-degree felonies. *See* N.T. Sentencing Hr'g at 59. The trial court also sentenced Appellant to two to ten years' imprisonment for false imprisonment, a second-degree felony. *Id.* Finally, the trial court sentenced Appellant to one to seven years' imprisonment for corruption of minors, a third-degree felony. *Id.* These sentences do not exceed the respective statutory maximums for felonies of the first, second, or third degree. *See* 18 Pa.C.S. § 1103(1)-(3). Therefore, the sentencing court had statutory authority to impose Appellant's sentence, and Appellant is not entitled to relief on this claim.

## Appellant's SVP Status

Counsel also raises an issue relating to Appellant's SVP status. ***Anders***/***Santiago*** Brief at 45. Relying on this Court's decision in ***Commonwealth v. Butler***, 173 A.3d 1212, 1213 (Pa. Super. 2017), counsel notes that Appellant may have a claim that his SVP hearing was unconstitutional. *Id.* However, while Appellant's appeal was pending, our Supreme Court issued its decision in ***Commonwealth v. Butler***, ____ A.3d

___, 2020 WL 1466299, at \*1 (Pa. filed Mar. 26, 2020), holding that the "registration, notification, and counseling" requirements applicable to SVPs does "not constitute criminal punishment" and, as such, the "procedure for designating individuals as SVPs . . . remains constitutionally permissible"). Therefore, because it is clear that Appellant is not entitled to relief based on the constitutionality of his SVP status hearing, we decline to address this issue on appeal.

### Ineffectiveness Claims

Lastly, counsel notes that Appellant "may be able to make a claim under the PCRA as to the ineffectiveness of first appellate counsel [(Attorney Wray)] for failing to preserve [Appellant's] sentencing claims." ***Anders/Santiago*** Brief at 44. However, counsel notes that any claims relating to ineffective assistance of trial counsel or prior appellate counsel should be raised "following the conclusion of the instant appeal in a properly filed [PCRA petition]." ***Id.*** at 40.

Generally, a criminal defendant may not assert claims of ineffective assistance of counsel on direct appeal. ***See Commonwealth v. Holmes***, 79 A.3d 562, 577-80 (Pa. 2013). Instead, such claims are to be deferred to PCRA review. ***Id.*** However, our Supreme Court has recognized three exceptions to the general rule. In ***Holmes***, the Supreme Court held that a trial court has discretion to address ineffectiveness claims on direct review in cases where (1) there are extraordinary circumstances in which trial counsel's

ineffectiveness is apparent from the record and "meritorious to the extent that immediate consideration best serves the interests of justice[;]" or (2) "there is good cause shown" and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence. **Holmes**, 79 A.3d at 599. More recently, our Supreme Court adopted a third exception, which requires "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." **Commonwealth v. Delgros**, 183 A.3d 352, 361 (Pa. 2018).

Here, the record does not indicate that extraordinary circumstances exist, or that Appellant waived his right to PCRA review. **See Holmes**, 79 A.3d at 599. Further, Appellant is not statutorily barred from seeking PCRA relief. **See Delgros**, 183 A.3d at 361. Because none of the exceptions apply, Appellant's ineffectiveness claims cannot be considered on direct appeal.

Moreover, our independent review of the record does not reveal any additional, non-frivolous issues preserved in this appeal. **See Flowers**, 113 A.3d at 1250. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/1/20